UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM RUFUS HIGH BEAR, | ) | Civ. 14-4039-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BON HOMME COUNTY; | ) | ORDER DENYING |
| SOUTH DAKOTA; | ) | MOTION TO APPOINT COUNSEL, |
| LISA ROTHSCHADL, | ) | DENYING MOTION TO AMEND |
| Bon Homme County State's Attorney; | ) | COMPLAINT, AND GRANTING |
| PAM HEINE, | ) | MOTIONS TO DISMISS |
| court-appointed defense attorney; | ) | |
| GLEN W. ENG, Circuit Judge; and | ) | |
| LENNY GRAMKOW, | ) | |
| Bon Homme County Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, William Rufus High Bear, filed a pro se lawsuit and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dockets 1, 3. On March 27, 2014, the court screened High Bear's complaint and directed service thereof. Docket 7. Pending before the court is High Bear's motion to appoint counsel (Docket 4), High Bear's motion to amend or correct the complaint (Docket 19), defendant Glen W. Eng's motion to dismiss (Docket 11), defendants State of South Dakota, Bon Homme County, Lenny Gramkow, and Lisa Rothschadl's motion to dismiss (Docket 20), and defendant Pam Hein's motion for judicial notice and motion to dismiss (Dockets 22, 24). For the reasons set forth herein, the court grants defendants' motions to dismiss,

denies High Bear's motion to amend or correct the complaint, and denies all other pending motions as moot.

### I.   The Court Grants Defendants' Motions to Dismiss.

High Bear alleges that defendants violated his constitutional rights by determining his sentence without first giving him the opportunity to review the case file and by considering "old violations" when determining his sentence. Docket 1 at 1. High Bear also generally alleges that defendants violated the Equal Protection Clause of the Fourteenth Amendment by discriminating against him on the basis of race. *Id.* at 3. To remedy these alleged constitutional violations, High Bear requests "$500,000 for using outdated records in order to excessively sentence [him]." *Id.* at 4. High Bear also requests that the court "prosecute and expel defendants from their positions for miscarriage of justice." *Id.* at 3. Defendants have separately moved to dismiss High Bear's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). Dockets 11, 20, 24. High Bear has not responded to defendants' motions to dismiss, and the time for response has passed.

In considering dismissal pursuant to Rule 12(b)(6), "the court must accept all well-pleaded allegations of the complaint as true, and all reasonable inferences therefrom must be construed favorably to the pleader. *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir. 1992) (quoting *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). When deciding a motion to dismiss under Rule 12(b)(6), the court may consider matters of public record without converting

the motion to one for summary judgment. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999). The court may dismiss a complaint for failure to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

    **A.**    **Defendant Glen W. Eng**

Eng asserts that High Bear has brought this action against him in his official capacity as circuit court judge, and that he is entitled to absolute judicial immunity against all claims asserted by High Bear. Dockets 11, 12.

High Bear did not indicate whether he intended to bring an action against Eng in his official or individual capacity. "[T]o sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989) (noting a plaintiff should explicitly state whether he or she is suing a defendant in his or her individual capacity so as to put the defendant on "prompt notice of his or her potential personal liability"). Because High Bear failed to expressly and unambiguously state within his complaint that he intended to sue Eng in his individual capacity, the court must construe this action as one against Eng in his official capacity as a circuit court judge.

3

The Eighth Circuit has held that, "[a] judge is absolutely immune from liability if (1) the judge had subject matter jurisdiction, and (2) the acts complained of were judicial acts." *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). The United States Supreme Court described the significance of judicial immunity as follows:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967).

In the instant case, the court takes judicial notice of the fact that Eng is a circuit court judge for the State of South Dakota in the First Judicial Circuit. As such, Eng has "original jurisdiction concurrent with courts of limited jurisdiction. . . to try and determine all cases of misdemeanor." SDCL 16-6-12. Eng therefore had jurisdiction over High Bear's underlying misdemeanor. Furthermore, High Bear has failed to identify any actions taken by Eng that could be properly characterized as "non-judicial." To the contrary, all actions allegedly taken by Eng relate to sentencing matters in High Bear's underlying criminal case. The court therefore finds that Eng is entitled to absolute judicial immunity and grants his motion to dismiss for failure to state a claim upon which relief may be granted.

B. **Defendants State of South Dakota, Bon Homme County, Sheriff Lenny Gramkow, and State's Attorney Lisa Rothschadl**

The State of South Dakota argues that it is protected from this action by the Eleventh Amendment of the United States Constitution; Bon Homme County argues that it cannot be held liable under a respondeat superior theory; Gramkow argues that he was not personally involved in High Bear's arrest and cannot be held liable under a respondeat superior theory; and Rothschadl argues that she is protected from this action by prosecutorial immunity. Dockets 20, 21.

1. **State of South Dakota**

Although "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The Eleventh Amendment bars such suits unless the State has waived its immunity," *id.* (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)), and in the instant case, the State of South Dakota has not waived its immunity. Accordingly, the court finds that High Bear has failed to state a claim against the State of South Dakota upon which relief may be granted.

2. **Bon Homme County**

Although High Bear has named Bon Homme County as a party to this action, High Bear has not alleged that Bon Homme County itself violated his

constitutional rights. Rather, High Bear has alleged that employees of Bon Homme County violated his constitutional rights. As defendants have noted, "the doctrine of respondeat superior does not apply under § 1983." *Ware v. Jackson Cnty., Mo.*, 150 F.3d 873, 885 (8th Cir. 1998). Bon Homme County, therefore, cannot be held liable for the alleged actions of its employees unless High Bear alleges that a county policy or custom resulted in the deprivation of his constitutional rights. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). High Bear has not alleged as much.[1] The court therefore finds that he has failed to state a claim against Bon Homme County upon which relief may be granted.

### 3. Lenny Gramkow and Lisa Rothschadl

As previously established, "to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Outboard Marine Corp.*, 172 F.3d at 535 (citations omitted). Because High Bear failed to expressly and unambiguously state within his complaint that he intended to sue Gramkow and Rothschadl in their individual capacities, the court must construe this action as one against

---

[1] To be certain, High Bear has alleged that defendants withheld his criminal file from him on one occasion. To impose municipal liability for a single act, "that act must come from one in an authoritative policy making position and represent the official policy of the municipality." *McGautha v. Jackson Cnty., Mo.*, 36 F.3d 53, 56 (8th Cir. 1994). High Bear has not alleged facts to support either of these elements.

Gramkow and Rothschadl in their official capacities as sheriff and state's attorney, respectively.

The Eighth Circuit has held that "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, High Bear's suit against Gramkow and Rothschadl in their official capacities as county employees is actually a suit against the County. As noted above, Bon Homme County cannot be held liable for the alleged actions of its employees unless High Bear alleges that a county policy or custom resulted in the deprivation of his constitutional rights, *Monell*, 436 U.S. at 691–95, and High Bear has not alleged as much. Accordingly, the court finds that High Bear has failed to state a claim against Gramkow and Rothschadl upon which relief may be granted.

### C.   **Defendant Pam Hein**

Hein argues that High Bear has not alleged that she acted under color of state law when she represented him in his underlying criminal case, and that she therefore cannot be held liable under § 1983. Docket 25.

"[T]o state a claim for relief under 28 U.S.C. § 1983, a plaintiff must allege sufficient facts to show '(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.' " *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th

Cir. 2009)). With regard to the first element, High Bear specified in his complaint that Hein was being sued in her capacity as a court-appointed defense attorney. Docket 1 at 2. The United States Supreme Court has held that a court-appointed attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Because High Bear has asserted no facts and presented no evidence to suggest that Hein was acting outside the traditional functions of counsel to a defendant in a criminal proceeding, the court concludes that Hein was not acting under color of state law when the alleged misconduct occurred. Accordingly, High Bear has failed to state a claim against Hein upon which relief may be granted.

## II.    The Court Denies High Bear's Motion to Amend Complaint.

High Bear requests leave to amend his complaint to add Joanne Balvin, Bon Homme County Clerk of Courts, as a defendant in this action. Docket 19. A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or

8

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, 21 days have passed between the date on which defendants were served with this action and the date on which High Bear filed the pending motion to amend. The court is therefore not bound by the Federal Rules of Civil Procedure to grant High Bear's motion to amend or correct complaint. High Bear requests leave to add Joanne Balvin in her capacity as Bon Homme County Clerk of Court. High Bear did not expressly and unambiguously state within his motion to amend complaint that he intended to sue Balvin in her individual capacity. The court must therefore assume that Balvin is being sued only in her official capacity as clerk of courts. *Outboard Marine Corp.*, 172 F.3d at 535 (citations omitted) ("[T]o sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").

To that extent, High Bear is effectively requesting leave to amend his complaint to add Bon Homme County as a defendant. *See Elder-Keep*, 460 F.3d at 986 (citation omitted) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). Again, Bon Homme County cannot be held liable for the alleged actions of its

9

employees unless High Bear alleges that a county policy or custom resulted in the deprivation of his constitutional rights, *Monell*, 436 U.S. at 691–95, and High Bear has not alleged as much herein. The court therefore denies High Bear's request for leave to amend or correct his complaint because High Bear's proposed amendment would be futile. Accordingly, it is

ORDERED that defendant Glen W. Eng's motion to dismiss (Docket 11) is granted.

IT IS FURTHER ORDERED that defendants State of South Dakota, Bon Homme County, Lenny Gramkow, and Lisa Rothschadl's motion to dismiss (Docket 20) is granted.

IT IS FURTHER ORDERED that defendant Pam Hein's motion for judicial notice (Docket 22) is denied as moot.

IT IS FURTHER ORDERED that defendant Pam Hein's motion to dismiss (Docket 24) is granted.

IT IS FURTHER ORDERED that High Bear's motion to amend or correct complaint (Docket 19) is denied.

IT IS FURTHER ORDERED that High Bear's motion to appoint counsel (Docket 4) is denied as moot.

Dated July 24, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE